# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

**SHEILA LONG,**

    Plaintiff

v.

**P.A.L. INVESTMENT GROUP, INC.,**
**d/b/a ACCLAIMED HOME CARE,**

    Defendant.
_____/

**GAFKAY LAW, PLC**
**JULIE A. GAFKAY (P53680)**   **"DEMAND FOR JURY TRIAL"**
**Attorney for Plaintiff**
**604-A S. Jefferson Ave.**
**Saginaw, MI  48607**
**(989) 652-9240**
**jgafkay@gafkaylaw.com**
_____/

    There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

**NOW COMES**, Plaintiff, Sheila Long, by and through her attorney, Gafkay Law, PLC, by Julie A. Gafkay and hereby files this action against Defendant, P.A.L. Investment Group, Inc., d/b/a Acclaimed Home Care, as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Sheila Long (hereinafter "Plaintiff"), is a citizen of the United States and resides in County of Saginaw, State of Michigan.

2. Defendant, P.A.L. Investment Group, Inc., d/b/a Acclaimed Home Care, is located in the County of Oakland and does business throughout the State of Michigan, including the County of Saginaw.

3. This is a civil action brought pursuant to Federal claims under 42 U.S.C. § 1981 for racial discrimination and harassment. Plaintiff also asserts state claims against Defendant pursuant to the Michigan Elliott-Larsen Civil Rights Act.

4. This Court has federal question jurisdiction over this case under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state claim.

5. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

## RELEVANT FACTS

6. Plaintiff is African American.

7. Plaintiff began working for Defendant in or about November of 2020 as a home health aide.

8. Plaintiff was hired to work in Saginaw for an assignment at one of Defendant's 24-hour clients.

9. Plaintiff was off work due to COVID-19 from the end of December until beginning of April of 2021.

10. Plaintiff was assigned to work 4 days a week, 12 hours a day in Saginaw at the said client's home, beginning approximately April of 2021.

11. On or about May 11, 2021, the client made racial remarks to Plaintiff including "I don't want your fat Black ass working here".

12. Plaintiff called the Head Coordinating Nurse, Christine, and complained about the client's racial remarks and told her that the client did not want her there.

13. Plaintiff was told to stay and that she could not leave, despite the racial comments; Plaintiff stayed and worked.

14. The next day after Plaintiff's complaint of racial harassment, she was taken off the schedule for approximately one week or so.

15. After a week or so, Plaintiff was put back on the schedule and assigned again to the client's home, who had made racial comments.

16. Plaintiff reported to work and work at the client's home, who had made racial comments.

17. On or about Sunday, May 23, 2021, Plaintiff was working at the said client's home and he questioned her about going to college; when Plaintiff told him she had gone to Delta College for Criminal Justice, he said, "what are you going to do defend all the Black people."

18. The next day, on or about Monday, May 24, 2021, Plaintiff reported to work and shortly after beginning her shift, the client told her, "I don't want your fat Black ass here."

19. Plaintiff called Defendant and spoke with the Head Coordinator, Christine, and a management employee, Patrick Salazar, to

complain again of the racial harassment and while she was on the phone the client said loudly, "I do not want your Black ass her," Plaintiff also repeated what he said.

20. Plaintiff told Mr. Salazar she was leaving because she was uncomfortable.

21. Shortly after leaving, Plaintiff talked to Mr. Salazar on the phone and he told her that she was being taken off the schedule because the client did not want her there.

22. The client had made clear he did not want Plaintiff taking care of him because she is Black.

23. Plaintiff was removed from the schedule and effectively terminated from her employment with Defendant.

24. Plaintiff felt harassed, humiliated, and discriminated against because of the racial harassment and discrimination.

25. Plaintiff has suffered damages as a result of the above.

**COUNT I - 42 USC §1981 RACE DISCRIMINATION CLAIM AGAINST DEFENDANT WITH REGARD TO DENIAL OF ENJOYMENT OF ALL BENEFITS, PRIVILEGES, TERMS AND CONDITIONS OF EMPLOYMENT AND/OR CONTRACTUAL RELATIONSHIP**

26. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 25 above.

27. Defendant intentionally discriminated against Plaintiff when she was removed from her assignment based on race.

28. The said race discrimination related to Plaintiff's employment and/or contractual relationship with Defendant and she was denied the enjoyment of all benefits, privileges, terms and conditions of that relationship because of her race.

29. Defendant's discriminatory actions against Plaintiff were done with malice or with reckless indifference to her federally protected rights.

30. Accordingly, Plaintiff hereby asserts a 42 U.S.C. § 1981 claim against Defendant.

31. That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered economic damages, emotional distress and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, damages to reputation, and whatever punitive damages are recoverable herein.

## COUNT II - 42 USC §1981 RACIAL HARASSMENT CLAIM AGAINST DEFENDANT WITH REGARD TO DENIAL OF ENJOYMENT OF ALL BENEFITS, PRIVILEGES, TERMS AND CONDITIONS OF EMPLOYMENT AND/ OR CONTRACTUAL RELATIONSHIP

32. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 31 above.

33. Plaintiff complained of racial harassment in the workplace and Defendant failed to adequately address the harassment or provide prompt and appropriate remedial action.

34. The said racial harassment related to Plaintiff's employment and/or contractual relationship with Defendant and she was denied the enjoyment of all benefits, privileges, terms and conditions of that relationship because of her race.

35. Defendant's discriminatory actions against Plaintiff were done with malice or with reckless indifference to her federally protected rights.

36. Accordingly, Plaintiff hereby asserts a 42 U.S.C. § 1981 claim against Defendant.

37. That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered economic damages, emotional distress and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, damages to reputation, and whatever punitive damages are recoverable herein.

### COUNT III – MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT RACE DISCRIMINATION CLAIM AGAINST DEFENDANT AS TO DENIAL OF BENEFITS, PRIVILEGES, TERMS, AND CONDITIONS OF EMPLOYMENT

38. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 37 above.

39. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

40. Plaintiff's race was at least one factor that made a difference in Defendant's decision to take her off her assignment in Saginaw.

41. Had Plaintiff been a White person, she would not have been removed from the assignment and taken off the schedule.

42. Defendant, through its agents, representatives, and employees, was predisposed to discriminate based on race and acted in accordance with that predisposition.

43. Defendant's actions were intentional in disregard for Plaintiff's rights and sensibilities.

44. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, economic damages; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life.

## COUNT IV – MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT RACIAL HARASSMENT CLAIM AGAINST DEFENDANT AS TO DENIAL OF BENEFITS, PRIVILEGES, TERMS, AND CONDITIONS OF EMPLOYMENT

45. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 44 above.

46. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

47. Plaintiff was subject to unwelcome communication based on race.

48. The communication substantially interfered with her employment creating a hostile environment

49. Despite having notice of the harassment, defendant failed to prompt and appropriate remedial action.

50. Defendant, through its agents, representatives, and employees, was predisposed to discriminate based on race and acted in accordance with that predisposition.

51. Defendant's actions were intentional in disregard for Plaintiff's rights and sensibilities.

52. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, economic damages; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life.

### COUNT V—RETALIATION IN VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 ET SEQ.

53. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 52 above.

54. Plaintiff's complaint to Defendant regarding the race- based comments constitutes activity protected under the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

55. Defendant and its agents have retaliated against Plaintiff for opposing violations of the Elliott-Larsen Civil Rights Act in violation of the act.

56. As direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff, Sheila Long, requests that this Honorable Court enter judgment against Defendant for the following relief:

1. An award to Plaintiff of economic damages.
2. An award to Plaintiff of compensatory damages sufficient to compensate her for mental anguish and emotional distress, embarrassment and humiliation, and damage to her professional reputation as a result of Defendant's actions.

3. An award to Plaintiff of punitive damages against Defendant as a result of the reckless indifference with which it violated Plaintiff's rights under the law.

4. An award to Plaintiff of the costs and disbursements of this action, including reasonable attorney fees pursuant to statute.

5. An award to Plaintiff of other and additional legal and/or equitable relief to which she may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in the above-captioned

Respectfully submitted,

GAFKAY LAW, PLC

Dated: May 26, 2021

/s/ Julie A. Gafkay
Julie A. Gafkay (P53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240
jgafkay@gafkaylaw.com